```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
STEMCOR (USA) INC.,                          07 CV 6149 (PKL)

                                             ANSWER WITH
                              Plaintiff,     AFFIRMATIVE
                                             DEFENSES

        -against-

UNISHIPPING S.A.,

                              Defendant.
------------------------------------------X
```

Defendant UNISHIPPING S.A. (answering defendant), by its attorneys MAHONEY & KEANE, LLP, answers the Verified Complaint of plaintiff upon information and belief as follows:

FIRST:     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "1", "2", "4", "8", "9" and "11" of plaintiff's Verified Complaint.

SECOND:    Defendant denies the allegations contained in paragraphs "3", "5", "6", "7", "10" and "12" of plaintiff's Verified Complaint.

<u>AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

THIRD:     The Verified Complaint fails to state a claim against defendant on which relief can be granted.

<u>AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

FOURTH:    Defendant is not liable to plaintiff on the causes of action alleged in the Verified Complaint.

<u>AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

SIXTH:  If there was any loss of and/or damage to cargo as alleged in the Verified Complaint, defendant is not liable to the plaintiffs by reasons of the provisions contained in the bill(s) of lading, contract of carriage, charter party, applicable tariffs, laws, such as those contained in the International Convention for the Unification of Certain Rules of law relating to bills of lading signed at Brussels on the 25th April 1924 and Amendments/Protocols to same, special contract, or dock receipt.

<u>AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

SEVENTH:  Defendant puts plaintiff to its proof of compliance with the provisions for giving notice and the commencement of suit as provided for in the aforesaid contract of carriage and in applicable law, including referenced above.

<u>AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

EIGHTH:  Any loss or damage to the goods, as alleged in the Verified Complaint, that may have occurred while they were in the possession of custody of defendant or on board the carrying vessel(s) arose from the conditions of the goods when delivered to defendant or from wastage in bulk weights or from inherent defect, quality or vice of the goods, or insufficient packing, insufficiency or inadequacy of marks, latent defects not discoverable by due diligence, or by acts or omissions of the shipper(s) or owner of the goods, their agent or representatives, and defendant is not under any liability for any such loss or damage.

AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

NINTH:   (A) Due diligence was used to make the carrying vessel(s) seaworthy and to secure that they were properly manned, equipped and supplied, and to make the holds and other parts of the ships in which the goods were carried safe and fit for their reception, carriage and preservation in accordance with the provisions of the United States Carriage of Goods by Sea Act, 1936 and the aforesaid bill(s) of lading.

(B) Accordingly, if the goods sustained any loss or damage while they were on board the carrying vessel(s), due to any unseaworthiness of the vessels, which is denied, defendant is not under liability therefore.

AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TENTH:   Plaintiff's claim is barred by the statute of limitations contained in both the aforesaid contract of carriage and applicable law as referenced above and/or the Doctrine of Laches.

AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

ELEVENTH: Any damages sustained by plaintiff, as alleged in the Verified Complaint, were proximately, directly, and solely caused by the negligent acts of third persons over whom defendant had and has no direction or control.

AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWELFTH:  Plaintiff herein has failed to mitigate its damages.

AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTEENTH:  The forum is inconvenient and the Verified Complaint should be dismissed pursuant to the doctrine of forum non conveniens.

AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FOURTEENTH:  The action, or part thereof, is founded upon improper venue and/or should be transferred pursuant to 28 U.S.C. § 1404.

AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FIFTEENTH:  The terms of the bill of lading, tariff, charter party and/or other governing contracts between the parties require that this matter be heard in a forum other than this Court.

AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SIXTEENTH:  This Answer is made without waiver of any rights to arbitrate that may exist between the parties.

AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SEVENTEENTH:  The claims for which security is sought are unaccrued, premature and/or not ripe for adjudication and should result in the vacatur of any attachment of UNISHIPPING's property.

<u>AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

EIGHTEENTH:  The <u>ex parte</u> Order for Process of Maritime Attachment was inequitably sought as plaintiff's claim is by way of indemnity and is not yet ripe.

<u>AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

NINETEENTH:  Plaintiff has not suffered or pleads any direct loss caused by defendant.

<u>AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTIETH:  Plaintiff's claims are contingent liabilities not meriting the allowance of Supplemental Admiralty Rule B attachment to secure same.

<u>AS AND FOR A EIGHTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTY-FIRST:  Any attachment should be vacated or denied since Defendant is "found" within this district.

<u>AS AND FOR AN NINETEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTY-SECOND:  The attachment should be vacated or denied since plaintiff's claims have already been adequately secured.

<u>AS AND FOR A TWENTIETH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTY-THIRD:  The attachment should be vacated or denied since plaintiff has not established that it has a maritime claim

5

against defendant.

<u>AS AND FOR A TWENTY-FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTY-FOURTH: The attachment should be vacated or denied as intended only to harass.

AS AND FOR A TWENTY-SECOND SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE

TWENTY-FIFTH: In accordance with the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime claims E(7), defendant seeks counter-security from plaintiff.

WHEREFORE, defendant prays for judgment as set forth below:

1. That the Verified Complaint be dismissed, and that judgment be entered in favor of defendant and granting defendant attorneys' fees and costs of arbitration;

2. That any <u>Ex Parte</u> Order for Process of Maritime Attachment be dissolved or denied; and

3. For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       July 10, 2007

                                MAHONEY & KEANE, LLP
                                Attorneys for Defendant
                                UNISHIPPING S.A.

                            By: _____
                                Garth S. Wolfson (GW 7700)
                                111 Broadway
                                New York, New York 10006
                                (212) 385-1422
                                File No.: 673431/B/07/7

6

```
TO:   BLANK ROME, LLP
      Attorneys for Plaintiff
      The Chrysler Building
      405 Lexington Avenue
      New York, NY 10174-0208
      (212) 885-5000
```