```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
STEMCOR (USA) INC.,                      07 CV 6149 (PKL)

                                         AMENDED ANSWER WITH
                        Plaintiff,       AFFIRMATIVE
                                         DEFENSES AND COUNTER
                                         CLAIM
        -against-

UNISHIPPING S.A.,

                        Defendant.
-------------------------------------X
```

Defendant UNISHIPPING S.A. (answering defendant), by its attorneys MAHONEY & KEANE, LLP, answers the Verified Complaint of plaintiff upon information and belief as follows:

FIRST:  Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "1", "2", "4", "8", "9" and "11" of plaintiff's Verified Complaint.

SECOND:  Defendant denies the allegations contained in paragraphs "3", "5", "6", "7", "10" and "12" of plaintiff's Verified Complaint.

AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRD:  The Verified Complaint fails to state a claim against defendant on which relief can be granted.

AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FOURTH:  Defendant is not liable to plaintiff on the causes of action alleged in the Verified Complaint.

AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SIXTH:  If there was any loss of and/or damage to cargo as alleged in the Verified Complaint, defendant is not liable to the plaintiffs by reasons of the provisions contained in the bill(s) of lading, contract of carriage, charter party, applicable tariffs, laws, such as those contained in the International Convention for the Unification of Certain Rules of law relating to bills of lading signed at Brussels on the 25th April 1924 and Amendments/Protocols to same, special contract, or dock receipt.

AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SEVENTH:  Defendant puts plaintiff to its proof of compliance with the provisions for giving notice and the commencement of suit as provided for in the aforesaid contract of carriage and in applicable law, including referenced above.

AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

EIGHTH: Any loss or damage to the goods, as alleged in the Verified Complaint, that may have occurred while they were in the possession of custody of defendant or on board the carrying vessel(s) arose from the conditions of the goods when delivered to defendant or from wastage in bulk weights or from inherent defect, quality or vice of the goods, or insufficient packing, insufficiency or inadequacy of marks, latent defects not discoverable by due diligence, or by acts or omissions of the shipper(s) or owner of the goods, their agent or representatives, and defendant is not under any liability for any such loss or damage.

<u>AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

NINTH: (A) Due diligence was used to make the carrying vessel(s) seaworthy and to secure that they were properly manned, equipped and supplied, and to make the holds and other parts of the ships in which the goods were carried safe and fit for their reception, carriage and preservation in accordance with the provisions of the United States Carriage of Goods by Sea Act, 1936 and the aforesaid bill(s) of lading.

(B) Accordingly, if the goods sustained any loss or damage while they were on board the carrying vessel(s), due to any unseaworthiness of the vessels, which is denied, defendant is not under liability therefore.

AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TENTH: Plaintiff's claim is barred by the statute of limitations contained in both the aforesaid contract of carriage and applicable law as referenced above and/or the Doctrine of Laches.

AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

ELEVENTH: Any damages sustained by plaintiff, as alleged in the Verified Complaint, were proximately, directly, and solely caused by the negligent acts of third persons over whom defendant had and has no direction or control.

AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWELFTH: Plaintiff herein has failed to mitigate its damages.

AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTEENTH: The forum is inconvenient and the Verified Complaint should be dismissed pursuant to the doctrine of forum non conveniens.

AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FOURTEENTH: The action, or part thereof, is founded upon improper venue and/or should be transferred pursuant to 28 U.S.C. § 1404.

### AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FIFTEENTH: The terms of the bill of lading, tariff, charter party and/or other governing contracts between the parties require that this matter be heard in a forum other than this Court.

### AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SIXTEENTH: This Answer is made without waiver of any rights to arbitrate that may exist between the parties.

### AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SEVENTEENTH: The claims for which security is sought are unaccrued, premature and/or not ripe for adjudication and should result in the vacatur of any attachment of UNISHIPPING's property.

### AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

EIGHTEENTH: The *ex parte* Order for Process of Maritime Attachment was inequitably sought as plaintiff's claim is by way of indemnity and is not yet ripe.

### AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

NINETEENTH: Plaintiff has not suffered or pleads any direct loss caused by defendant.

### AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTIETH: Plaintiff's claims are contingent liabilities not meriting the allowance of Supplemental Admiralty Rule B attachment to secure same.

### AS AND FOR A EIGHTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FIRST:  Any attachment should be vacated or denied since Defendant is "found" within this district.

### AS AND FOR AN NINETEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-SECOND:  The attachment should be vacated or denied since plaintiff's claims have already been adequately secured.

### AS AND FOR A TWENTIETH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-THIRD:  The attachment should be vacated or denied since plaintiff has not established that it has a maritime claim against defendant.

### AS AND FOR A TWENTY-FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FOURTH: The attachment should be vacated or denied as intended only to harass.

### AS AND FOR A TWENTY-SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FIFTH: In accordance with the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime claims E(7), defendant seeks counter-security from plaintiff.

### AS AND FOR THE FIRST COUNTER-CLAIM AGAINST PLAINTIFF

1. This is a claim under the Court's Admiralty and Maritime Jurisdiction, and under the Court's diversity and pendent jurisdiction.

2. Plaintiff and Defendant entered into a charter party agreement dated February 13, 2007.

3. Plaintiff wrongfully, willfully, negligently and/or fraudulently breached the terms of the charter party by failing to pay demurrage fees and expenses due and owing.

4. As a result of Plaintiff's breach of the subject charter party Defendant has incurred, and will continue to incur, costs and expenses for which Plaintiff is liable under the terms of the charter party.

5. Defendant has placed Plaintiff on notice of its claim that Plaintiff has breached the subject charter party.

6. Despite Defendant's repeated demands, Plaintiff has failed to pay the amounts due and owing to Defendant under the charter party.

7. Pursuant to the charter party, disputes are to be settled by arbitration, and, according to Plaintiff, such arbitration with

Plaintiff is imminent.

8. Under the rules of such arbitration, interest, costs, and attorneys' fees are routinely awarded to the prevailing party.

9. As a result of Plaintiff's breach of the charter party, Defendant has sustained damages, and, as best as can now be estimated, Defendant expects to recover the following amounts, exclusive of interest, by way of arbitral award:

| | |
|---|---|
| Principal Claim | $136,666.67 |
| Interest at a rate of 7% for two years | 19.803.00 |
| Recoverable legal costs | 70,000.00 |
| Reasonable arbitration fees | 45,000.00 |
| **Total** | **$271,469.67** |

10. Defendant notes that the above claim figures constitute estimates derived from the information currently available and reserves the right to amend or adjust same in the event that newly discovered facts demand such amendment.

11. Plaintiff has sought security from Defendant for Plaintiff's claim by seeking an order of attachment and garnishment of Defendant's property, pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims of the Federal

Rules of Civil Procedure.

12.    Defendant now seeks an Order from this Honorable Court, pursuant to Rule E(7)(a) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims, requiring Plaintiff to provide security for Defendant's claim, in the sum of TWO HUNDRED SEVENTY-ONE THOUSAND, FOUR HUNDRED SIXTY-NINE DOLLARS AND SIX-SEVEN CENTS ($271,469.67) to cover the claim in addition to all costs and expenses that will accrue.

13.    As Plaintiff has sought security for attorneys' fees and arbitrators' fees in the arbitration, Defendant is entitled to countersecurity in at least the same amount.

WHEREFORE, defendant prays for judgment as set forth below:

1.    That the Verified Complaint be dismissed, and that judgment be entered in favor of defendant and granting defendant attorneys' fees and costs of arbitration;

2.    That any <u>Ex Parte</u> Order for Process of Maritime Attachment be dissolved or denied;

3.    That counter-security be awarded in the amount of TWO HUNDRED SEVENTY-ONE THOUSAND, FOUR HUNDRED SIXTY-NINE DOLLARS AND SIX-SEVEN CENTS ($271,469.67); and

4. That the Court grant to defendant such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       July 10, 2007

MAHONEY & KEANE, LLP
Attorneys for Defendant
UNISHIPPING S.A.

By: /s/ Garth S. Wolfson
Garth S. Wolfson (GW 7700)
111 Broadway
New York, New York 10006
(212) 385-1422
File No.: 673431/B/07/7

TO: BLANK ROME, LLP
    Attorneys for Plaintiff
    The Chrysler Building
    405 Lexington Avenue
    New York, NY 10174-0208
    (212) 885-5000